## In re BISHOP.
### No. 5787.

District Court, W. D. Louisiana, Lake Charles Division.

Feb. 10, 1938.

Elmer L. Stewart, of DeRidder, La., for bankrupt.

Ped C. Kay, of DeRidder, La., for trustee.

John A. Patin, of Lake Charles, La., referee in bankruptcy.

DAWKINS, District Judge.

Robert R. Bishop was adjudged a voluntary bankrupt on February 10, 1937. He did not include or surrender certain lots in the town of DeRidder, for the reason, no doubt, that under a dation en paiment to his wife they stood in her name. On May 17, 1937, the trustee instituted in the state court an action to set aside this transfer to the wife, and in September following a judgment was rendered sustaining the trustee's demand. At the same time, May 17, 1937, the trustee filed another suit to have annulled a mortgage executed by the bankrupt, within four months of the adjudication, upon the same property, in favor of Mrs. George B. Seaman, and, an exception of no cause of action having been sustained, the trustee has appealed to the Supreme Court.

After the decision of the state court, setting aside the dation en paiment, the bankrupt was ordered by the referee, on application and after hearing, to amend his schedules by adding this property for the administration of the trustee. This was not done, but the mortgagee started foreclosure by executory process and advertised the property for sale on January 8, 1938. In the meantime, the said Mrs. Seaman had proven her claim in bankruptcy against the estate as one secured by this mortgage. On application to this court, the said sale was restrained and the cause referred to the referee for hearing upon the prayer for injunction. The mortgagee, Mrs. Seaman, alone answered and admitted substantially all of the allegations of fact of the trustee's petition, except the claim that there was an equity in the property for general creditors over the amount of the alleged mortgage indebtedness.

The case was submitted upon the face of the pleadings and the referee found that an injunction should be granted for the reason that the title to all property belonging to the bankrupt vested in the trustee as of the date of the adjudication, and, when the state court set aside the giving in payment to the wife, it was the duty of the bankrupt to have it turned over to the trustee, and put upon the schedules as a part of his estate.

The alleged mortgagee, Mrs. Seaman, has sought review by the court.

Granting, for present purposes, that the mortgage was bona fide and for a present cash consideration, for which reason it may be sustained, notwithstanding its having been given within four months before bankruptcy, under the proceedings which took place before foreclosure was attempted, the title to the property became vested in the trustee. The failure of the bankrupt to turn it over and schedule it as such, as directed, did not serve to defeat the jurisdiction or to deprive the trustee of constructive legal possession. Equity, of which bankruptcy proceedings are a part, considers as done that which should have been done, and neither the bankrupt nor the alleged mortgage creditor were at liberty to ignore the referee's orders and to proceed in the manner as was done. If and when the alleged mortgage is sustained, which was subject to being litigated in either the state or federal court, the proper course for the mortgagee to pursue, if she contends there is no equity for general creditors, is to apply to the bankruptcy court for an order requiring the trustee to disclaim title and to allow her to proceed with her foreclosure in the state court. As stated, she cannot ignore conditions as she has done.

Having concluded that the findings and recommendation of the referee are correct, I am of the view that there should be judgment in favor of the trustee, enjoining Mrs. George B. Seaman, her agents and attorneys, and the sheriff of Beauregard parish, from proceeding further with the foreclosure, and directing and commanding the bankrupt and his wife to surrender and turn over the property in dispute to the trustee. The bankrupt should also amend his schedules to include this property, as previously ordered by the referee.

Proper decree should be presented.